ARMSTRONG V. ABBOTT.

A director of a land company, who was also probate judge, at the grantor's request drew a deed, in the presence of the president and executive board of said company, conveying to a third person certain lots, and took the acknowledgment of the same. Afterwards, and before such deed was recorded, the company purchased the same lots from the same grantor. *Held,* that the company had no such knowledge of the identity of the lots purchased by it with those formerly conveyed as would charge it with notice of such former conveyance.

*Appeal from Larimer County Court.*

EJECTMENT by John C. Abbott against Andrew Armstrong. Judgment for plaintiff, and defendant appeals. The appellee was plaintiff below, and his action was one in the nature of ejectment, to recover lot 1, block 112, in the town of Fort Collins. From the evidence it appears that one Davis was owner of the lot on May 14, 1873; that upon that day he conveyed the lot, by deed, to the trustees of the Presbyterian church, upon condition that they erect a stone church thereon within one year, and, upon failure so to do, the title to revert. This deed was not recorded until May 13, 1877. On September 13, 1879, the church trustees not having built the church, or otherwise improved the lot, conveyed it by quitclaim deed to the appellant Armstrong, who partially inclosed the lot soon after, and was so in possession when this action was commenced, September 6, 1882. On July 12, 1873, about two months after the conveyance to the church trustees, Davis conveyed the same lot to the Larimer County Land Improvement Company, a corporation, which deed was duly recorded July 22, 1873. The company afterwards conveyed the lot to Haynes, and Haynes to the appellee, Abbott. The conveyance from Davis to the church trustees was not of record when the company purchased the lot. The appellant claims that the facts were such as to charge the company with notice of the prior con-

veyance, at the time it made such purchase, and that the court's finding to the contrary was error. The facts shown upon this point are as follows: A. F. Howes, who was a director and member of the executive committee of the company, also probate judge, drew the deed which Davis made conveying this lot, and another adjoining, to the church trustees. And concerning the same he testified as follows: "I had no interest in the transaction; when I certified the acknowledgment to this deed I was acting as scrivener and acknowledging officer only,— don't know that I charged my mind with it." R. A. Cameron and J. E. Remington, also directors and members of the executive committee of the company, were present at the time this deed was made, and, on the same day, the company conveyed to the church trustees the two adjoining lots. The evidence does not disclose who acted for the company in the purchase of the lot July 12th, except that R. A. Cameron, in his testimony, stated that he was president of the land company, and that he had charge of the buying and selling of real estate, and that he got a large number of lots from Davis for the company.

Mr. T. M. ROBINSON, for appellant.

Mr. E. A. BALLARD, for appellee.

STALLCUP, C. It is conceded in the argument that, under our statute, the improvement company acquired title to the lot by the conveyance of July 12, 1873, as against the conveyance to the church trustees of May 14, 1873, provided the purchase by, and the conveyance to, the company were without notice to the company of the prior conveyance. The improvement company, a corporation carrying on the business of buying and selling real estate, necessarily transacted its business through its agents. In the transaction of May 14, 1873, certain of its officers doubtless had knowledge of the fact that Davis

conveyed two lots to the church trustees, and knew their location with reference to the two lots which were conveyed to the church trustees by the improvement company on the same day; but while actively engaged in buying and selling lots, and while making purchases of lots from said Davis, two months after the occurrence of the conveyances to the church trustees, this lot No. 1 was purchased from Davis, the record showing title in him. The question arises, Was the mind of any one of the said directors or officers of the improvement company then charged with what had occurred two months previous, so as to affect the company with notice of the previous conveyance, to the church trustees, of this one lot? As there was nothing in the transaction of May 14th to require or cause the officers of the company to fix and carry the description and identity of this lot in their minds, it is not reasonable to presume that they did so, nor to declare that they should have done so. So there was nothing in the negotiations and purchases of lots two months thereafter to require the company's agents, in making said purchases, to look any further than to the records as to the title of Davis thereto. For notwithstanding a person may have knowledge, incidentally, of a conveyance of town lots, and even know their locality, yet it would be quite unreasonable to require that the number, description and identity of such lots should be retained indelibly in the memory of such person, especially when they are lots in a newly laid-out town, uninclosed, unimproved, and of no great value. There was nothing in the transaction of May 14th of a character requiring the officers of the company to take note or memory thereof, as, in the conveyance of the lots by Davis to the church trustees, the company was in no way party thereto, nor affected thereby; neither was any one acting in the same for, nor on behalf of, the company. Nothing is shown of the lot purchase by the company from Davis, of July 12th, of a character calculated to bring home to, or charge upon,

the company or its agents, notice of the fact that this lot had been previously conveyed by Davis. So the case seems fairly within the rule that the principal is not bound by the unofficial knowledge communicated to the agent, unless such knowledge is present to the agent's mind at the time of effecting the purchase. This rule, as stated in the case of *The Distilled Spirits*, 11 Wall. 356, is certainly founded upon correct principles, and decisive of the question here presented. It follows that there is no reason for disturbing the findings of the court below, as the same were according to the evidence in the case and the law upon the subject. The judgment should be affirmed.

RISING and DE FRANCE, CC., not concurring.

PER CURIAM. For the reasons assigned in the foregoing opinion of Commissioner STALLCUP the judgment of the county court is affirmed.

*Affirmed.*